■ In the Matter of DOMINIQUE A. and Others, Children Alleged to be Neglected. MONICA M., Appellant. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [764 NYS2d 37] —Orders, Family Court, New York County (Susan Larabee, J.), entered November 18, 1998, which insofar as appealed from, found that appellant mother had neglected her three children, unanimously reversed, on the law and the facts, without costs, the finding of neglect vacated and the petition dismissed.

It is undisputed that appellant mother had told respondent Thomas M., the father of her daughter Lexus, to leave her apartment in 1996 because, after initially being verbally abusive, his abuse became physical. That year, she obtained an order of protection, but, despite a violent street encounter with Thomas in October 1997, she saw no reason to renew it because he had "stopped bothering" her. When appellant returned home with three-year-old Lexus on July 11, 1998 to find Thomas in the apartment, her six-year-old twin sons were in Pennsylvania for the summer with their grandmother. After unsuccessfully attempting to leave and call for help, and realizing that the situation was "going to be violent," appellant put Lexus, who was hysterical, in a separate room and closed the door.

Thus, although appellant may not have displayed the best judgment in failing to renew the order of protection after the October 1997 incident (which the children did not witness) or to change the locks to her apartment prior to the July 1998 incident, petitioner failed to prove, by a preponderance of the evidence, that the children's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" as a result of their exposure to domestic violence (Family Ct Act § 1012 [f] [i]; *cf. Matter of Lonell J.*, 242 AD2d 58, 60-61 [1998]). On the contrary, the mother took affirmative measures to shield her children from witnessing her physical abuse.

The Family Court did not question the children, and the

experienced caseworker, who did speak with them, testified at the hearing and opined that a neglect finding against the mother was "not indicated" and was "unsubstantiated." In light of that founded opinion and the absence of evidence that the children's physical, mental or emotional condition was impaired or imminently threatened, the finding of neglect was unwarranted (*see Matter of Kayla B.*, 262 AD2d 137 [1999]). Concur—Andrias, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.